# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-141-D |
| | ) |
| NANCY BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 30], filed by Plaintiff's attorney, Miles L. Mitzner. The Acting Commissioner has responded to the motion, merely setting forth the applicable law but taking no position on the reasonableness of Mr. Mitzner's request for a fee in the amount of $22,704.75, which represents compensation at a rate of $887.00 per hour. [Doc. No. 31].

In the last three cases in which Mr. Mitzner has sought a § 406(b) attorney fee before the undersigned, his average requested hourly rate has been $470.00. Thus, his requested hourly rate of $887.00 per hour in the present case is nearly twice as much as fees sought in previous, comparable cases; the Court finds that the requested fee is excessive and must be reduced to a reasonable rate.

Section 406(b) fees are available when a court remands a case for further proceedings and the agency issues a favorable ruling on remand. *McGraw v. Barnhart*, 450 F.3d 493, 502 (10th Cir. 2006). The amount of the attorney fee awarded cannot exceed

25% of the total of the past-due benefits. 42 U.S.C. § 406(b)(1). Plaintiff's attorney has the burden of showing that the fee award sought is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n. 17 (2002). Although § 406(b) does not prescribe the factors to be applied in evaluating the reasonableness of the fee, the Supreme Court has discussed generally the items to be considered. *Id.* at 808-809. Specifically, contingent fee agreements are permissible; however, the Court must determine that the terms of the agreement are reasonable. *Id.* The Court should also consider other factors, including the time expended by counsel and the quality of the legal work. *Id.* at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment [to avoid a windfall] is … in order." *Id.* The Court finds that, under the facts and circumstances of this case and applicable legal standards, a reasonable rate upon which fees may be calculated is $500.00 per hour.

The supporting documents with the motion, as well as the case record, reveal at least 22.45 hours of attorney time devoted to the case and 9.4 paralegal hours, which resulted in a fully favorable decision. After remand, Plaintiff was determined to be entitled to benefits and was awarded a past-due amount of $90,819.00. The motion has been timely filed within the time period previously determined by the Court to be reasonable. *See* Order Granting Mot. for Relief Pursuant to FED. R. CIV. P. 60(b)(6) [Doc. No. 29].

Upon consideration of the motion in light of *Gisbrecht*, 535 U.S. 789, and *Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008), the Court finds that $12,259.00[1] represents a

---

[1] This amount represents 22.45 hours of attorney work at $500.00 per hour and 9.4 hours of paralegal work at $110.00 per hour.

reasonable fee for the work done in this case in view of the nature of the representation, the contingent fee agreement with counsel, and the results achieved. Further, this amount does not exceed 25% of Plaintiff's award of past-due benefits obtained by reason of the Judgment entered August 23, 2017.

Accordingly, the Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 30] is GRANTED as set forth herein. The Court approves an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $12,259.00 to attorney Miles L. Mitzner. Plaintiff's attorney shall promptly refund to Plaintiff Sarah Smith the amount of $4,600.00 in EAJA fees previously awarded. [Doc. No. 25].

**IT IS SO ORDERED** this 27th day of March 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE